Todd D. Gunderson
GUNDERSON LAW FIRM
2822 3rd Avenue North
P. O. Box 926
Billings, Montana 59103
Phone: (406) 252-2177
tgundylaw@gundylawfirm.com
Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DONALD TANGWALL, individually in his capacity as a Trustee of the Toni 1Trust,<br>             Plaintiff,<br>-vs-<br><br>WILLIAM WACKER and<br>BARBARA WACKER<br>             Defendants. | CV 18-00165-BLG-SPW-TJC<br><br><br><br>**ANSWER** |

COME NOW the Defendants, William Wacker and Barbara Wacker ("Wackers"), by and through their attorney, Todd D. Gunderson, and hereby submit their Answer to the Complaint, as follows:

1.    Defendants deny the allegations contained in paragraph 1 of the Complaint.

2.    Defendants deny the allegations contained in paragraph 2 of the Complaint.

3. Defendants are without sufficient knowledge to form a belief as to the matter asserted and, therefore, deny the allegation contained in paragraph 3 of the Complaint.

4. Defendants admit the allegations contained in paragraphs 4 and 5 of the Complaint.

5. Defendants deny the allegations contained in paragraphs 6, 7, 8, 9, and 10 of the Complaint.

6. In response to paragraph 11 of the Complaint, Defendants hereby reallage their answers to the previous paragraphs as though fully set forth herein.

7. Defendants deny the allegations contained in paragraph 12 of the Complaint.

8. In response to paragraph 13 of the Complaint, Defendants hereby reallage their answers to the previous paragraphs as though fully set forth herein.

9. Defendants deny the allegations contained in paragraphs 14, 15, 16, 17, 18, and 19 of the Complaint.

AFFIRMATIVE DEFENSES

1. This Court does not have jurisdiction over the subject matter of Plaintiff's Complaint.

2. Plaintiff lacks standing to bring this lawsuit.

3.  Plaintiff has failed to name an indispensable party, namely, the Bankruptcy Trustee, Larry D. Compton, in the case of *In re Margaret A. Bertran*, Case No. 12-00501 in the U.S. Bankruptcy Court for the District of Alaska. An undivided one-half interest in the property is subject to the jurisdiction of the U.S. Bankruptcy Court for the District of Alaska

4.  Plaintiff is estopped from raising the claims alleged in the Complaint by judgments issued in the Montana Court, in the U.S. Bankruptcy Court for the District of Alaska, the Alaska Superior Court, and the U.S. Federal District Court for the District of Alaska.

5.  Final, non-appealable decisions entered in the Montana Court, in the U. S. Bankruptcy Court for the District of Alaska, the Alaska Superior Court, and the U.S. Federal District Court for the District of Alaska are res judicata as to all issued raised by Plaintiff. In addition, Plaintiff is collaterally estopped from raising these issues.

A summary of those cases are as follows:

    a.  Cause No. DV-07-93 of the Montana Fourteenth Judicial District Court for Musselshell County, *Donald A. Tangwall v. Barbara Wacker, William Wacker, and Bootprint Ranch v. Barbara Tangwall, et al.*, which resulted in a $137,551.47 monetary judgment against the Third-Party Defendants;

b. Cause No. DV-11-66 of the Montana Fourteenth Judicial District Court for Musselshell County, *William Wacker and Barbara Wacker v. Toni 1 Trust, et al.* Judgment entered in that case set aside the 2010 transfer of the subject property as a fraudulent transfer;

c. Case No. 12-00501 in the U.S. Bankruptcy Court for the District of Alaska, *In re Margaret A. Bertran*;

i. Pro per Adversary Action, U.S. Bankruptcy Court, District of Alaska, Case No. 12-90037, styled *Donald A. Tangwall, Trustee of the Toni 1 Trust v. Larry Compton, Bankruptcy Trustee, Barbara Wacker, and William Wacker*, wherein Tangwall argued in part that the Montana fraudulent conveyance judgment was void as a matter of law because it had named the Toni 1 Trust as a defendant, instead of naming Donald Tangwall, Trustee, as a defendant. At ECF No. 69, the bankruptcy court entered a *Final Judgment* that avoided the transfer of the subject property as a fraudulent conveyance under the bankruptcy fraudulent conveyance statute, 11 U.S.C. Section 548(a)(1)(A). The bankruptcy court's supporting *Memorandum Decision* at ECF No. 68 explained that the court was entering final judgment as a default judgment because Tangwall had ignored the court's previous orders that the Toni 1 Trust appear through counsel.

(a) Tangwall filed two notices of appeal of the Final Judgment, ECF No. 73, and of an order denying a motion to intervene, ECF No. 43 (Case Nos. AK-13-1560 and AK-13-1573 of the U.S. Bankruptcy Appellate Panel of the Ninth Circuit). The Bankruptcy Appellate Panel ("BAP") dismissed both appeals as untimely, one appeal being five days late and the other appeal being 96 days late.[1]

(b) Tangwall appealed the BAP's decision to the Ninth Circuit.

(i) The Ninth Circuit dismissed one appeal for failure to perfect (*Tangwall v. Compton, et al.,* Case No. 14-60010).

(ii) In the other appeal from the BAP to the Ninth Circuit, *Tangwall v. Compton, et al.*, Case No. 14-60011, the Ninth Circuit warned that it had determined that the case was frivolous, and to show cause why the appeal should not be summarily affirmed.

---

[1] *Tangwall v. Compton, et al.,* BAP Case No. AK-13-1560, and *Tangwall v. Compton, et al.*, BAP Case No. AK-13-1573.

  ii. Adversary Action, U.S. Bankruptcy Court, District of Alaska, Case No. 14-90016, *Tangwall et al., v. Wacker, et al.,* wherein Tangwall sought to void the Montana fraudulent conveyance judgment, and to remove Compton as Trustee.  On September 22, 2014, the bankruptcy court dismissed the claim against the Wackers on the ground that the Montana judgment was entitled to full faith and credit, and other grounds, ECF No. 15.  On November 4, 2014, the bankruptcy court dismissed the claim against Compton.

  iii. Adversary Action, U.S. Bankruptcy Court, District of Alaska, Case No. 14-90019, *Bertran v. Wacker et al.*, seeking to set aside the Montana fraudulent conveyance judgment for lack of jurisdiction.  On its own motion, the Court dismissed adversary action No. 14-90019 on claims preclusion grounds.

  iv. Adversary Action, U.S. Bankruptcy Court, District of Alaska, Case No. 14-90020, *Tangwall v. Wacker et al.*, seeking an order from the bankruptcy court voiding the Montana fraudulent conveyance judgment, and the judgement obtained in Case DV-07-93.  On its own motion, the bankruptcy court issued an order to show case as to why the suit should not be dismissed, saying that the lawsuit was "frivolous and vexatious on its face," ECF No. 5.

    d.    Alaska Superior Court Case No. 4FA-15-01603, *Toni 1 Trust v. Wacker, et al.*, against Compton and the Wackers, to set aside the *Final Judgment* on the theory that the bankruptcy court lacked jurisdiction, and other theories. Fairbanks Superior Court Judge Michael MacDonald ruled against Tangwall on all issues.[2] Tangwall appealed that dismissal to the Alaska Supreme Court in Case No. S-16153.

        i.    On March 2, 2018, the Alaska Supreme Court issued its decision on appeal, and affirmed the Alaska superior court's decision.

    e.    Fairbanks Superior Court, No. 4FA-16-01919, *Tangwall, et al., v. Wacker, et al.*, alleging that the Alaska bankruptcy court and the Montana courts lacked jurisdiction, and enjoining Compton from carrying out the sale of the subject property that had been authorized by the Ranch Sale Order at ECF No. 109 in the case of *In re Margaret A. Bertran*, Case No. 12-00501 in the U.S. Bankruptcy Court for the District of Alaska. That order, and subsequent related orders, generated four appeals:

        i.    On June 13, 2016, Barbara and Donald Tangwall filed a Notice of Appeal (ECF No. 115) from the Ranch Sale Order. This appeal was to the BAP and assigned Case No. AK-16-1182. The BAP

---

[2] Judge MacDonald entered two orders, one granting Compton's motion to dismiss, and the other granting the Wackers' motion for summary judgment.

sua sponte transferred the Tangwall appeal to the Alaska federal district court, due to both appeals being from the same order. This transferred case was assigned 4:16-cv-00024 SLG and was consolidated with -00022 being the lead case.

    ii.    On July 5, 2016, Bertran, individually and as trustee of the Toni 1 Trust, filed a Notice of Appeal (ECF No. 131) from the Ranch Sale Order and from the order denying reconsideration of same. This appeal was assigned 4:16-cv-00022 SLG in the Alaska federal district court.

    iii.    On July 20, 2016, Bertran and Tangwall filed a Notice of Appeal (ECF No. 145) from an order denying a stay pending appeal. This appeal was incorporated into Case No. 4:16-cv-00022 SLG.

    iv.    On August 26, 2016, Bertran and Tangwall filed a notice of appeal (ECF No. 175) from the bankruptcy court's order denying a stay of the Ranch Sale Order. This appeal was assigned 4:16-cv-00029-SLG and was later dismissed as untimely.

    v.    The first three of these appeals were consolidated into Case No. 4-16-cv-0022 SLG in this Court. On March 20, 2017, this Court entered a *Decision and Order on Appeal*, ECF 59, and an

accompanying *Judgment in a Civil Case*, ECF 20, affirming the Ranch Sale Order in all respects.

    (a)    Tangwall, appealed this decision to the Ninth Circuit, which assigned Case No. 17-35334 to the appeal. on February 28, 2018, the Ninth Circuit dismissed the appeal as frivolous, ECF 11.

6. Plaintiff has failed to state a claim for which relief can be granted by this Court.

7. Plaintiff's claims are barred by the doctrine of judicial estoppel.

8. Plaintiff's claims are barred because the Toni 1 Trust is a fictitious entity or an alter-ego of Donald Tangwall, Barbara Tangwall, and/or Margaret Bertran, created as a subterfuge to default public convenience, to justify wrong, or to perpetrate fraud.

9. Plaintiff's claims are barred because they are moot.

10. Plaintiff's claims are barred by the doctrines of waiver and laches.

11. It is possible that the Court lacks diversity jurisdiction. In determining diversity jurisdiction, a Court must look to the individual members or beneficiaries of the trust. It is possible that an individual member or beneficiary of the Toni 1 Trust is a Montana resident.

12. Any claim for damages is barred by the doctrine of privilege. All actions of the Defendants were done pursuant to Court orders.

13. Any damages incurred by Plaintiff were caused by the actions and negligence of Donald A. Tangwall and Barbara Tangwall, Trustees of the Toni 1 Trust.

14. Any claims for damage are barred by the statute of limitations.

15. This action is barred by the *Rooker–Feldman* doctrine

WHEREFORE, Defendants prays for judgment as follows:

1. That Plaintiff take nothing by way of the Complaint; and

2. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED on December 21, 2018

       GUNDERSON LAW FIRM
       Attorneys for Defendants William Wacker and Barbara Wacker

       By: /s/ Todd D. Gunderson
          Todd D. Gunderson

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the party named below by regular U.S. mail, postage prepaid, at the address set forth below on the 21st day of December, 2018.

    Donald Tangwall
    PO Box 140118
    Salcha, Alaska 99714


    /s/ Tanya E. Doke
    Tanya E. Doke
    For Gunderson Law Firm