IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DONALD TANGWALL, individually in his Capacity as a Trustee of the Toni 1 Trust,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM WACKER, individually, jointly and severally; and BARBARA WACKER, individually, jointly and severally,<br><br>Defendants. | CV 18-00165-BLG-SPW-TJC<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This matter is a "quiet title" action filed by Donald Tangwall, "individually in his capacity as a Trustee of the Toni I Trust," seeking to have a judgment that was entered in the Montana Fourteenth Judicial District Court for Musselshell County in 2011 declared null and void, and a judgment restoring Toni I Trust to its property. (Doc. 2.)

I. FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit appears to be just one of many lawsuits between the parties. While Defendants have filed more than 850 papers documenting the history of the cases between these parties, only a few facts are relevant for the Court's analysis herein.

1

According to Defendants, Mr. Tangwall filed a Complaint in 2007 under Cause No. DV-07-93, Montana Fourteenth Judicial District Court for Musselshell County, whereby he sued William Wacker and Barbara Wacker (the Wackers) and their ranch for $850,000.00 over a dispute involving a trucking enterprise and title to a "cattle pot" trailer, among other things.  (Statement of Undisputed Facts, Doc. 8-2 (hereinafter "SUF") at ¶ 1.)  In that action, the Wackers filed a Counterclaim against Mr. Tangwall, and a Third-Party Complaint against his wife Barbara Newland-Tangwall, his mother-in-law Margaret "Toni" Bertran, and nine various entities believed to be Mr. Tangwall's alter-egos.  (SUF at ¶ 2.)  On May 8, 2008, the Wackers obtained a default judgment in the amount of $137,161.47 against the nine Tangwall entities, one of which is Toni Trust. (SUF at ¶ 3.)  The Toni Trust and Toni 1 Trust, the Plaintiff herein, are the same entity (SUF at ¶ 4) and are referred to herein as the Trust.

At some point, Mrs. Newland-Tangwall and Mrs. Bertran apparently transferred parcels of real property to the Trust.  *Toni 1 Trust, by Tangwall v. Wacker*, 413 P.3d 1199, 1201 (Alaska S.Ct 2018).  On September 1, 2011, the Wackers filed a fraudulent transfer Complaint under DV-11-66, Montana Fourteenth Judicial District Court for Musselshell County, against the Trust, Margaret Bertran, and Barbara Newland-Tangwall, wherein they alleged that

2

Newland-Tangwall and Bertran fraudulently conveyed two parcels of real property to the Trust. (SUF at ¶ 8.)

On May 7, 2012, Judge Randal Spaulding issued a Judgment in DV-11-66 on behalf of the Wackers and against the Trust, Margaret Betran, and Barbara Newland-Tangwall, setting aside the transfers of the two parcels of real property to the Trust. (Judgment, Doc. 2-1.)

Mr. Tangwall as a Trustee for the Trust, filed this action seeking to have the judgment entered in DV-11-66 declaraed null and void and to have the property returned to the Trust. (Doc. 2.)

## II. ANALYSIS

The Judiciary Act of 1789, § 35, 1 Stat. 73, 92 (1789) provided that "in all the courts of the United States, the parties may plead and manage their own causes personally . . . " This same language is now found in 28 U.S.C. § 1654 which reads: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

But a non-attorney "has no authority to appear as an attorney for others." *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987) (a non-attorney trustee may not represent a trust pro se in federal court.).

3

Mr. Tangwall is not an attorney licensed to practice law in the State of Montana, and as such he cannot represent the Trust in his representative capacity. *Id.*; *see also* L. R. 83.8(b) 183(a) ("Any entity other than an individual, including but not limited to a corporation, an unincorporated association, a partnership, or a union, may appear only by an attorney.")

As set forth above, the allegations in the Complaint arise regarding a judgment against this Trust; Mr. Tangwall brings no claims personally on his own behalf, only as Trustee of the Trust. As the only claims raised in this matter are brought on behalf of the Trust, and Mr. Tangwall cannot represent the Trust pro se, this matter should be dismissed. *See C.E. Pope*, 818 F.2d at 697-98 (affirming dismissal where pro se trustee appeared on behalf of trust).

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. Because the Toni 1 Trust cannot represent itself pro se and it cannot be represented by Mr. Tangwall, this matter should be DISMISSED pursuant to Local Rule 83.8.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the

Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

4. Defendants' Motion for Summary Judgment (Doc. 8) and Motion to Declare Donald Tangwall a Vexatious Litigant (Doc. 9) should be DENIED AS MOOT.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 12th day of August, 2019.

_____
Timothy J. Cavan
United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Tangwall is being served by mail, he is entitled an additional three days after the period would otherwise expire.