FILED

SEP 3 0 2019

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DONALD TANGWALL, individually in his capacity as a Trustee of the TONI 1 TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM WACKER and BARBARA WACKER,<br><br>Defendants. | CV 18-165-BLG-SPW<br><br>ORDER ADOPTING THE MAGISTRATE'S FINDINGS AND RECOMMENDATION TO DISMISS THE CASE AND DECLARING DONALD TANGWALL A VEXATIOUS LITIGANT |

United States Magistrate Judge Cavan filed Findings and Recommendations on August 12, 2019. (Doc. 19.) The Magistrate recommended the Court dismiss the action pursuant to L.R. 83.8. (Doc. 19 at 4.) Donald Tangwall timely filed objections to the findings and recommendations. (Doc. 20.)

When a party timely objects to any portion of the Magistrate's Findings and Recommendations, the Court must review those portions of the Findings and Recommendations de novo. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further

1

evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The Court does not need to review the factual and legal conclusions to which the parties do not object. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

## I. Background

Tangwall makes no objection to the Magistrate's findings of fact. They are not clearly erroneous, and the Court adopts them in full. *See* (Doc. 19 at 1–3). In short, the Magistrate found the instant dispute is one of several lawsuits Tangwall has filed regarding a Montana state district court's judgment in favor of the Wackers. The district court found members of Tangwall's family had fraudulently transferred a ranch to an entity called the Toni 1 Trust ("Trust"), and the court rescinded the transfer. (Doc. 19 at 1–3.)

Seemingly believing this Court maintains appellate jurisdiction over the matter, Tangwall filed a *pro se* complaint on behalf of the Trust asking this Court to reverse the state district court's judgment. (Doc. 2.) Shortly thereafter, the Wackers filed a motion to declare Donald A. Tangwall a vexatious litigant. (Doc. 9). Judge Cavan recommended resolving the case on the fact that Tangwall cannot represent the Trust *pro se* and denying as moot the Wackers' motion to declare Tangwall a vexatious litigant. But having reviewed the Wacker's brief in support of declaring Tangwall a vexatious litigant, the Court finds the issue merits a closer look.

2

For at least thirty years, Tangwall has filed frivolous lawsuits across the United States, and courts have repeatedly taken issue with his meritless and frivolous arguments. At least four have declared him a vexatious litigant. His lawsuits include the following cases from Illinois, Tennessee, Michigan, and the Northern Mariana Islands:

| Jurisdiction/Case | Description of case | References to Tangwall |
|---|---|---|
| *Tangwall v. First State Bank of Princeton*, 1987 WL 16129, at *2 (N.D. Ill. Mar. 11, 1987) | Tangwall brought a *pro se* complaint as a trustee on behalf of a trust. The court dismissed the case and granted Tangwall the opportunity to find an attorney and amend his complaint. | "A trustee is not a proper *pro se* plaintiff. A trustee may not properly risk trust funds on his own untutored legal skills. Moreover, *pro se* plaintiffs place a particular burden on the court as the court must evaluate difficult complaints without any substantial benefit of an advocate. In this action the completely unhelpful response to the motion to dismiss is a case in point." |
| *People v. Tangwall*, 526 N.E.2d 649, 651 (Ill. App. 2d Dist. 1988) | Tangwall appealed a conviction for eavesdropping where he had surreptitiously recorded a conversation between a prosecutor and a state court judge. | "[Tangwall's] arguments are, for the most part, incoherent, with numerous citations to cases entirely irrelevant to the issues at hand." |

| | | |
|---|---|---|
| *Lazy 'L' Fam. Preservation Tr. v. First State Bank of Princeton*, 521 N.E.2d 198, 200 (Ill. App. 2d Dist. 1988) | Tangwall brought the same suit as *Tangwall v. First State Bank of Princeton*, in state court as a *pro se* trustee on behalf of a trust. After having his case dismissed for substantially the same reasons, he appealed. The appellate court dismissed his appeal because he lacked authority to represent the trust. | Tangwall's appellate brief "consists of one paragraph of argument, and does not include any citations to case authority or statute in support of [his] argument . . . ." |
| *Tangwall v. Dougherty*, 1991 WL 408005, at *2 (D.N. Mar. Is. May 10, 1991) | Tangwall brought a *pro se* action as a trustee on behalf of the WED Family Preservation Trust to attack a judgment from a Michigan state court concerning Michigan real property. | "Not only has [Tangwall] failed to make a *prima facie* showing of personal jurisdiction over defendants, he has failed to make any connection whatsoever between the defendants and the Northern Mariana Islands." |
| *In re Owners Fam. Preservation Tr.*, 1991 WL 408009, at *2 (D.N. Mar. Is. May 13, 1991) | The day after Tangwall filed a Chapter 11 petition for bankruptcy on behalf of a trust, the court dismissed it. | The case was "part of an ongoing saga which . . . resulted in a U.S. District Court affirming a Bankruptcy Court default judgment for fraudulent property transfer."<br><br>"In the totality of the circumstances this would be suggestive of bad faith and vexatious litigation . . . ." |

| | | |
|---|---|---|
| *Tangwall v. Stapleton*, 2002 WL 1723692, at *2 (Tenn. App. July 25, 2002) | The appellate court assessed the cost of appeal to Tangwall after he filed for bankruptcy and filed a subsequent, meritless lawsuit. | Tangwall "had no evidence that the [defendants] had done anything wrong in this matter, but . . . he just thought they knew more than they were telling him." |
| *Tangwall v. Jablonski*, 111 Fed. Appx. 365, 367–68 (6th Cir. 2004) | After Tangwall settled a lawsuit with another party, Tangwall sued the same party again on the same issues through a legal entity, Tang-Tang Marketing. The 6th Circuit affirmed the district court's dismissal of the case. | "We have serious doubts as to whether Tang–Tang Marketing exists as a separate entity from Tangwall himself, or that the alleged assignment of rights ever took place . . . ." |
| *Tangwall v. Looby*, 109 Fed. Appx. 12, 15 (6th Cir. 2004) | Tangwall, as a trustee, claimed to be the beneficiary of a trust (BFPT). Other trustees claimed Tangwall was stealing from BFPT and removed him. Nine days later, Tangwall filed for bankruptcy and claimed his purported interest in BFPT as an asset. Tangwall, the bankruptcy trustee, and BFPT agreed to a global settlement agreement. Tangwall, however, sued BFPT under new legal theories. The 6th Circuit dismissed his suit because of judicial estoppel. | "Tangwall has been anything but 'frank and fair' in his dealings with the judicial system. This lawsuit contravenes the settlement agreement that he signed . . . ."<br><br>"Tangwall cannot now assert a contradictory legal theory to prolong this litigation and extract more funds from the defendants personally or from the BFPT. The doctrine of judicial estoppel is designed to forestall precisely this kind of ploy." |

| | | |
|---|---|---|
| *Huebner v. Tangwall*, 2006 WL 2238960, at *1 (M.D. Tenn. Aug. 4, 2006) [hereinafter *"Huebner I"*] | The court declared void *ab initio* several entities Tangwall fraudulently formed and awarded nearly $2.5 million in compensatory and punitive damages against him. | "The record establishes that defendant Tangwall's statement in his objection document that he was 'not noticed of the hearing' is misleading at best and a blatant falsehood at worst." |

Tangwall's significant litigation also includes:

- *In re Dalby*, 956 F.2d 268 (6th Cir. 1992) (consolidated appeal from four separate district court orders affirming entries of default judgment against Tangwall-related trusts to avoid fraudulent conveyances);

- *Tangwall v. Robb*, 2003 WL 23142190 (E.D. Mich. Dec. 23, 2003) (dismissing the case with prejudice after Tangwall filed a malpractice action against his attorneys, missed the expert disclosure deadline, and filed a motion for the court to appoint an expert for him);

- *Huebner v. Tangwall*, 2007 WL 2725244 (M.D. Tenn. Sept. 17, 2007) [hereinafter *"Huebner II"*] (holding Tangwall failed to meet the filing deadline for a Rule 60 motion after *Huebner I* and failed to give any explanation for why he failed to appeal the order and "for delaying an entire year before filing a motion to set aside an order awarding damages approaching $3 million").

While not an exhaustive list of Tangwall's extensive litigation history, the above cases are easily identifiable illustrations of Tangwall's pattern of vexatious

*pro se* litigation. Moreover, Tangwall is no stranger to being declared a vexatious litigant. The following chronicles Tangwall's history of vexatious-litigant declarations and the facts leading up to his present dispute with the Wackers.

In 1988, Tangwall was one of numerous defendants the First State Bank of Princeton sued in Illinois. *First State Bank of Princeton v. Leffelman*, 521 N.E.2d 195, 196 (Ill. App. 2d Dist. 1988). Two defendants in the case had pledged 440 acres of farm land to secure a debt owed to the Bank in the amount of $400,000. The property was subsequently transferred to the "Lazy 'L' Family Preservation Trust" with Tangwall as trustee. After the Bank filed to foreclose on the property, Tangwall and the other defendants responded "by filing numerous, sometimes unusual, pleadings in the trial court." *Id.* at 364. The trial court entered a judgment for foreclosure, Tangwall and the other defendants appealed, and the appellate court affirmed. *Id.* at 367. Two other cases listed above—*Tangwall v. First State Bank of Princeton* and *Lazy 'L' Fam. Preservation Tr. v. First State Bank of Princeton*—arose from Tangwall's same attempt to convey property to a family trust to avoid a foreclosure.

Soon after this litigation transpired, Tangwall became involved in a bankruptcy case which was referred to a U.S. District Court in Michigan in 1991. *Borock v. Dalby*, Case No. 91-CV-76364 (E.D. Mich. Jan. 6, 1992). Like some of Tangwall's cases before, this one also concerned "collateral attacks" on "orders

7

confirming title to . . . parcels of real property . . . ." *Id.* at 4. Tangwall and the other parties had filed numerous lawsuits pertaining to real property of a debtor's estate the court had awarded to a trustee. Because of the automatic stay, "each cause of action filed [was] a direct violation of the stay provision." *Id.* Due to the vexatious nature of the filings, the court permanently enjoined Tangwall and the other parties from filing additional suits related to the bankruptcy action. In what would portend Tangwall's considerable future of court-ordered sanctions, the court further enjoined him and the other parties from making any additional filings in any action before the court "or any other [c]ourt as trustees of any and all family preservation trusts *pro per.*" *Id.* at 5.

Tangwall appealed the order. While the 6th Circuit remanded it for the district court to assess attorney fees, costs, and sanctions under Fed. R. Civ. P. 11, the Circuit affirmed it in all other aspects. *In re Dalby*, 976 F.2d 733 (6th Cir. 1992). The Circuit even found much of the appeal to be frivolous, stating for instance, "this court concludes that the technical procedural arguments raised by the appellants lack merit, particularly in light of their history of raising these same arguments in all litigation in which they are involved." *In re Dalby*, 976 F.2d 733 (6th Cir. 1992).

While Tangwall busied himself with several more lawsuits in various jurisdictions over the next fifteen years, at some point, he turned his attention to Montana. By May 2011, Judge David Cybulski of the Montana Fourteenth Judicial

8

District Court, Musselshell County, noted ten separate civil lawsuits then-pending or recently resolved in state district courts that Tangwall was a party to. *Tangwall v. Edwards*, No. DV-11-08, Fourteenth Judicial District, Musselshell County, *Order Declaring Don Tangwall a Vexatious Litigant* (May 11, 2011). Judge Cybulsi noted Tangwall's frequent failures to attend hearings or respond to motions and how courts consistently granted default and summary judgments against him. (*Id.* at 2–3.) Courts dismissed still other cases as wholly meritless: in *Tangwall v. Gunderson*, No. DV-08-46, Fourteenth Judicical District Court, Tangwall sued for defamation but failed to establish the basic elements of the claim, and his "so-called response briefs . . . [did] not in fact respond to the arguments and authority cited by Defendants"; in *Tangwall v. Wacker*, No. DV-07-93, Fourteenth Judicial District Court, Tangwall attempted to represent a number of corporate entities as an unlicensed attorney, and the court noted the difficulty of "understanding his incomplete and unsupported briefs"; in *Tangwall v. Edwards*, No. DV-11-08, Fourteenth Judicial District, Tangwall asked the court to enjoin the City of Roundup from collecting taxes based on a "wholly frivolous" (and astonishing) allegation that Roundup was not properly incorporated and the fact that Tangwall had registered the assumed business name, "City of Roundup." (*Id.* at 3–4.) Judge Cybulski further noted eleven "extraordinary writs in the Montana Supreme Court" Tangwall had filed over the course of two months in 2011 alone. (*Id.* at 4–5.)

After adopting the vexatious litigation standards from *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007), Judge Cybulski found:

> Mr. Tangwall's litigation history, as detailed above, demonstrates his twenty-year history of filing frivolous and patently meritless lawsuits, and demonstrates that he has no intention of refraining from such practices without intervention of the Court.

> .   .   .

> Mr. Tangwall's history in other jurisdictions . . . demonstrates that he has a long and storied history of vexatious ligation practice and procedure. He has been notified on numerous occasions that he is not allowed to represent corporate entities or other parties, but he continues to do so. Courts lament his lack of clarity, or his filings' lack of any basis in law or fact, or his bad faith, and yet such actions continue. In all practicality, the only way to rein in Mr. Tangwall's vexatious litigation is to require that he submit all proposed filings to the Court for approval, and thereby wasting large amounts of the Court's time—time that would be better served on real cases.

*Tangwall v. Edwards*, No. DV-11-08, Fourteenth Judicial District, Musselshell County, *Order Declaring Don Tangwall a Vexatious Litigant* at 13–14 (May 11, 2011). And thus, Judge Cybulsi declared Tangwall a vexatious litigant. (*Id.* at 15–16.)

During this same period, Tangwall filed two lawsuits in this Court regarding his state court proceedings—each was entirely frivolous. In *Tangwall v. Spaulding*, 1:11-CV-39-RFC, Tangwall sued Montana State District Court Judges Randal Spaulding, William Swandal, and David Cybulski, along with Chief Justice Mike McGrath of the Montana Supreme Court. He alleged the defendants failed to be

impartial or had conflicts of interest. He failed to respond to the defendants' specific arguments other than to declare the defendants "imposters" who failed to abide by the law they swore to uphold. *Tangwall v. Spaulding*, 1:11-CV-39-RFC, Order and Findings and Recommendation of United States Magistrate Judge at 5 (June 23, 2011). The Court dismissed his complaint with prejudice. *Tangwall v. Spaulding*, 1:11-CV-39-RFC, Order Adopting Findings and Recommendation of United States Magistrate Judge at 5 (July 19, 2011).

In *DeMaio v. Weitzeil*, 1:11-CV-56-RFC, a state district court refused to allow Tangwall to act as an attorney on behalf of DeMaio, who had been arrested on criminal charges. Tangwall and DeMaio filed suit in this Court, alleging among other things, the state court wrongfully denied Tangwall his "rights to represent" DeMaio. *DeMaio v. Weitzeil*, 1:11-CV-56-RFC, Findings and Recommendation of United States Magistrate Judge at 1–5 (July 7, 2011). After all the defendants filed motions to dismiss or motions for summary judgment, Tangwall and DeMaio failed to respond and did "nothing to pursue their action." *DeMaio v. Weitzeil*, 1:11-CV-56-RFC, Order Adopting Findings and Recommendations of U.S. Magistrate Judge at 2 (Sep. 16, 2011). This Court stated, "Their failure to do so imposes a strain on judicial resources and, more significantly, works unfair prejudice upon Defendants compelled to appear to defend themselves." *Id.* And so, the Court summarily dismissed Tangwall and DeMaio's complaint. *Id.* at 3.

Rather than learn from his mistakes, Tangwall continued his pattern of vexatious litigation, which turns the Court at last to the present case. The Court takes the following facts from the Wackers' statement of undisputed facts (Doc. 8-2), which Tangwall has not disputed.

In 2007, Tangwall filed a complaint against the Wackers in the Montana Fourteenth Judicial District Court, Musselshell County, demanding damages of $850,000 over a dispute involving a trucking enterprise and title to a $14,000 cattle trailer (the same action above that Judge Cybulski later found to be wholly frivolous). (Doc. 8-2 at ¶ 1.) The Wackers counterclaimed and filed a third-party complaint against Tangwall, his wife Barbara Newland-Tangwall (Newland-Tangwall), his mother-in-law Margaret "Toni" Bertran (Bertran), and nine other entities believed to be Tangwall's alter-egos, including the Trust. (*Id.* at ¶ 2.) The Wackers obtained a judgment for nearly $140,000 against Tangwall and a judgment for title to a semi trailer. (*Id.* at ¶¶ 5–6.)

While that litigation was pending, Newland-Tangwall and Bertran conveyed certain real property to the Trust. (*Id.* at ¶¶ 8–9.) The Wackers consequently filed a complaint in the state district court alleging fraudulent transfer and naming Newland-Tangwall, Bertran, and the Trust as defendants. (*Id.* at ¶ 8.) The district court entered a judgment of default against the Trust in December 2011 and judgment against Newland-Tangwall and Bertran in May 2012, setting aside the

fraudulent transfer of the real property to the Trust. (*Id.* at ¶¶ 21–27.) Through a sheriff's sale, the Wackers purchased Newland-Tangwall's one-half interest in the real property for $50,000 of their judgment. (*Id.* at ¶¶ 36–38.) But before the Wackers could purchase Bertran's interest, Bertran moved to Alaska and filed for Chapter 7 bankruptcy, staying execution against her interest in the property. (*Id.* at ¶ 35.)

Bertran's Alaska bankruptcy filing prompted Tangwall, as trustee of the Trust, to spawn several years' worth of litigation against the Wackers in Alaska state district court, the Alaska Supreme Court, the Alaska Bankruptcy Court, the U.S. Bankruptcy Panel of the Ninth Circuit, the U.S. District Court for Alaska, and the Ninth Circuit. (*Id.* at ¶¶ 46–56); *see In re Tangwall*, 2018 WL 1901118 (9th Cir. 2018); *Tangwall v. Bankr. Tr. Larry Compton*, 2018 WL 4781168 (D. Alaska Oct. 3, 2018); *Toni 1 Tr., by Tangwall v. Wacker*, 413 P.3d 1199 (Alaska 2018). After withstanding Tangwall's dizzying litigation barrage for several years, the Alaska Bankruptcy Court and the U.S. District Court for Alaska each declared him to be a vexatious litigant. *Tangwall v. Bankr. Tr. Larry Compton*, 2018 WL 4781168; *In re Bertran*, 2017 WL 1806503 (Bankr. D. Alaska May 3, 2017). The Alaska federal district court provided the following list representing "a glimpse of trial cases and appeals that are related to the Montana Property" in Alaska:

- Case No. F11–00939–HAR;

- Adv. No. F14–90016–HAR;

- Adv. No. F14–90020–HAR;

- Case No. 4:16–cv–00022–SLG;

- Case No. 4:16–cv–00024;

- Case No. 4:16–cv–00029–SLG;

- Case No. 12–00501–HAR (multiple appeals):

  - Appealed to the U.S. District Court for Alaska, Case No. 4:16–cv–00022–SLG, affirmed the Bankruptcy Court's jurisdiction to enter the Order Approving the Sale of real property in Montana. Appealed by Tangwall to the Ninth Circuit, No. 17–35334; appeal dismissed;

  - Appealed to the U.S. District Court for Alaska, Case No. 4:16–cv–00029–SLG; dismissed as untimely;

  - Appealed to the Ninth Circuit; Case No. 14–60011; dismissed for being frivolous;

  - Appealed to the Bankruptcy Appellate Panel; Case No. AK–13–1560;

  - Appealed to the Bankruptcy Appellate Panel; Case No. AK–13–1573;

- o Appealed to the U.S. District Court for Alaska, Case No. 4:18-cv-00031-RRB;

- Case No. 4:17–cv–00004 TMB;

- Case No. 4FA–17–01675 CI.

*Tangwall v. Bankr. Tr. Larry Compton*, 2018 WL 4781168, at *4.

In November 2018, undeterred by numerous defeats and declarations of his vexatious litigation, Tangwall asked Judge Cybulski to set aside the 2012 judgment, some six years after Judge Cybulski entered it. *Wacker v. Toni 1 Trust*, DV 11-66, Fourteenth Judicial District, Musselshell County, *Order Regarding Vexatious Litigant Tangwall* (Nov. 5, 2018). Judge Cybulski denied the frivolous motion, reminding Tangwall once again that he could not practice law or represent a trust entity in the state of Montana. *Id.* at 1. Three weeks later, Tangwall filed suit in this Court. (Doc. 2.)

## II. Legal Standard

Under 28 U.S.C. § 1651(a), the Court has the authority to impose filing restrictions, such as a pre-filing order, on abusive litigants. *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014). However, restricting a litigant's access to the courts is a serious matter of due process rights. *Id.* It is "an extreme remedy that should rarely be used." *Molski*, 500 F.3d at 1057 (citing *De*

*Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). Before imposing a pre-filing restriction, district courts must:

> (1) give litigants notice and an opportunity to oppose the order before it is entered; (2) compile an adequate record for appellate review, including a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered."

*Ringgold-Lockhart*, 761 F.3d at 1062 (citing *De Long*, 912 F.2d at 1147–48) (internal alterations and quotations omitted).

The first two requirements are procedural while the latter two are substantive and "help the district court define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." *Id.* (quoting *Molski*, 500 F.3d at 1058).

## III. Discussion

### A. Vexatious Litigant

#### 1. Notice and the Opportunity to Oppose the Order

The Court provided Tangwall notice and an opportunity to oppose an order declaring him a vexatious litigant. After the Wackers filed their motion asking the Court to declare Tangwall a vexatious litigant, he filed a response claiming the Wackers were, in fact, the vexatious litigants. (Doc. 13.)

#### 2. Adequate Record of Cases and Motions for Appellate Review

To satisfy the second requirement, the Court must compile an adequate record for appellate review, including the cases and motions that lead it to conclude a vexatious litigant order is needed. The list does not need to be exhaustive of every case the litigant has filed, but it should outline and discuss many of them. *Ringgold-Lockhard*, 761 F.3d at 1063.

The Wackers thoroughly documented Tangwall's history of vexatious litigation in their motions and exhibits asking the Court to issue summary judgment in their favor and declare Tangwall a vexatious litigant. (Docs. 8-1 to 8-92; Docs. 9-1 to 9-16.) With regard to the present property dispute, the Wackers also document the vexatious filings from Newland-Tangwall and Bertran—each of whose filings so closely mirror Tangwall's style that the Court concludes Tangwall has most likely been filing documents on their behalf and they have been acting under his direction.

Tangwall's litigation activity has spanned thirty years and numerous state and federal venues in Michigan, Illinois, Tennessee, the Northern Mariana Islands, Alaska, and Montana. At least four other jurisdictions have declared him a vexatious litigant: Michigan federal courts, Montana state courts, the Alaska Bankruptcy Court, and the U.S. District Court for Alaska. The latter three all stem directly from litigation Tangwall has pursued against the Wackers over the same issues for eight years. As the U.S. District Court for Alaska observed, several of Tangwall's cases

17

involve him being found to have fraudulently conveyed assets to other entities (frequently to a trust to which he is the trustee) and then attempting to protect the fraudulent transfers by filing countless documents and appeals that lack merit and legal or factual support. Other cases involve Mr. Tangwall's representing trusts or corporate entities without a license to practice law.

*Tangwall v. Bankr. Tr. Larry Compton*, 2018 WL 4781168, at *3 (internal footnotes omitted). Tangwall does not dispute the accuracy of the Wackers' list of cases and orders, so the Court adopts them as part of this Order and concludes Tangwall must be declared a vexatious litigant once again.

### 3. Substantive Findings of Frivolousness or Harassment

Before issuing a pre-filing injunction, the court must make "substantive findings as to the frivolous or harassing nature of the litigant's actions." *Ringgold-Lockhard*, 761 F.3d at 1063 (quoting *De Long*, 912 F.2d at 1148). Litigiousness alone does not prove frivolousness or harassment: "The plaintiff's claims must not only be numerous, but also be patently without merit." *Molski*, 500 F.3d at 1059. "[C]ourts must 'be careful not to conclude that particular types of actions filed repetitiously are harassing,' and must '[i]nstead . . . discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court.'" *Ringgold-Lockhard*, 761 F.3d at 1064 (quoting *De Long*, 912 F.2d at 1148 n. 3). Finally, courts should consider whether less-restrictive options may

be adequate to protect the court and the other parties, especially under F. R. Civ. P. 11. *Id.*

After reviewing Tangwall's history of litigation, several common themes emerge. Like the U.S. District Court for Alaska recognized, Tangwall has frequently brought actions on behalf of trusts or corporate entities, ostensibly believing he should be allowed to represent them without a law license. *See, e.g., Tangwall v. Looby,* 109 Fed. Appx. 12; *Huebner v. Tangwall,* 2006 WL 2238960; *Borock v. Dalby,* Case No. 91-CV-76364; *Tangwall v. First State Bank of Princeton,* 1987 WL 16129. Tangwall even attempted to represent another *individual* in this Court. *See DeMaio v. Weitzeil,* 1:11-CV-56-RFC. Further, he appears to believe he may fraudulently transfer assets to trusts to protect them from judgments or other actions for recovery so long as he badgers the opposing parties with enough meritless filings that they are reduced to settling. Worse, he frequently appears to do so on behalf of other parties (how Tangwall can induce others into allowing him to fraudulently transfer their assets remains unclear). *See, e.g., Tangwall v. Looby,* 109 Fed. Appx. 12; *In re Dalby,* 956 F.2d 268; *Tangwall v. Dougherty,* 1991 WL 408005; *In re Owners Fam. Preservation Tr.,* 1991 WL 408009; *Tangwall v. Wacker,* Cause. No. DV-07-93; *Lazy 'L' Fam. Preservation Tr. v. First State Bank of Princeton,* 521 N.E.2d 198.

19

Yet after three decades of courts dismissing Tangwall's lawsuits for these reasons alone, Tangwall remains obstinate. He makes numerous and redundant filings, nearly all of which lack any basis in fact or law. Ignoring the legal reasons supporting a court's judgment against him, he simply files a lawsuit again. He persistently acts fraudulently and in bad faith, and he is unable to acknowledge or respect the law, even after he has been declared a vexatious litigant in four jurisdictions. He has harassed the Wackers alone for over eight years and over the same claims despite numerous rulings against him—both for procedural deficiencies and on the merits—from courts all throughout Montana and Alaska. *See* (Docs. 8-39, 8-40); *see generally* (Docs. 8, 9). All these things evince Tangwall's intent to abuse the judicial system for personal gain, and the individuals he sues pay the price.

The Court does not dispute that Tangwall had the right to seek redress with the courts as to the ownership of the real property originally in dispute. But "Mr. Tangwall has had many days in many courts, yet he steadfastly refuses to accept the courts' decisions." *Tangwall v. Bankr. Tr. Larry Compton*, 2018 WL 4781168, at *3. Left unimpeded, the Court is concerned Tangwall will only continue harassing the Wackers, burdening their resources and the resources of this Court.

As for less restrictive options or sanctions, the Court sees none. The Wackers confirm money sanctions can do little to deter Tangwall's behavior. They state Tangwall has pursued nearly all his actions on a *pro se* basis, he has no assets, and

he has filed bankruptcy twice. (Doc. 9-1.) Tangwall does not dispute these assertions, and in his request for leave to proceed *in forma pauperis* (which the Court granted), he stated he had few assets and a low monthly income. (Doc. 1.) Accordingly, the Court agrees with Judge Cybulski's observation eight years ago: "In all practicality, the only way to rein in Mr. Tangwall's vexatious litigation is to require that he submit all proposed filings to the Court for approval, and thereby wasting large amounts of the Court's time—time that would be better served on real cases." *Tangwall v. Edwards*, No. DV-11-08.

4. Tailor the Vexatious Order Narrowly

Lastly, a court must narrowly tailor the pre-filing order to the vexatious litigant's wrongful behavior. It must not deny the litigant access to the courts and must not "leave litigants uncertain as to what they may or may not do without running afoul of the court's order." *Ringgold-Lockhart*, 761 F.3d at 1067 (quoting *Wood v. Santa Barbara Chamber of Com., Inc.*, 705 F.2d 1515, 1524 (9th Cir. 1983)) (original quotations and alterations omitted).

Here, the Court requires Tangwall, in his capacity of trustee of the Toni 1 Trust or otherwise on behalf of the Trust, along with Newland-Tangwall, Bertrand, and any other entities or individuals acting under Tangwall's direction, obtain preapproval before filing any further documents in this case (other than a notice of appeal) and any new complaints against William Wacker, Barbara Wacker, or their

21

attorney, Todd Gunderson. The Court finds expanding the limitation to other entities and individuals acting under Tangwall's direction, like Newland-Tangwall and Bertrand, to be a necessity because of Tangwall's habit of hiding behind alter-egos or ghost-writing complaints and other documents on behalf of legal entities and other individuals that are only an extension of himself. *See Tangwall v. Jablonski*, 111 Fed. Appx. 365; *DeMaio v. Weitzeil*, 1:11-CV-56-RFC; *Huebner v. Tangwall*, 2006 WL 2238960. The Court will approve any document, complaint, or filing so long as it adequately demonstrates a basis in law and conforms to the federal and local rules. However, because the Court is cognizant of Tangwall's considerable history of filing frivolous lawsuits against parties under similar pretenses, the Court will not hesitate to enjoin Tangwall, his alter-egos and entities linked to him, and other individuals acting under his direction, from filing similar lawsuits against new parties in the future if the pre-filing limitations under this Order prove futile.

B. *Pro se* Representation of a Trust

Finally, the Court turns to Judge Cavan's findings and recommendations. (Doc. 19.) Judge Cavan's recommendation to dismiss the case is based on the rule that a non-attorney "has no authority to appear as an attorney for others." *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697–98 (9th Cir. 1987) (a non-attorney trustee may not represent a trust *pro se* in federal court.); *see* L.R. 83.8(b) ("Any entity other than an individual, including but not limited to a corporation, an

22

unincorporated association, a partnership, or a union, may appear only by an attorney."). Tangwall brings each of his claims as a trustee of the Trust. As Tangwall is well-aware based on his thirty years of experience with the issue, he is not licensed to practice law in the State of Montana and cannot represent the Trust in a representative capacity.

Tangwall's only relevant objection is that because the Trust is an express trust, he may bring a bring a suit on its behalf under F. R. Civ. P. 17(a). (Doc. 20 at 2.) His reliance is misplaced:

> Rule 17(a) authorizes a trustee of an express trust to sue on behalf of the trust, without joining persons "for whose benefit the action is brought"; the rule does not warrant the conclusion that a nonlawyer can maintain such a suit *in propria persona*. The reciprocal relation between the bar and the bench permits an exception only for a person acting personally. A federal court rightly expects a lawyer to represent a litigant. By its supervision of the bar and through its reliance on the lawyers before it, the court is enabled to function. Professional competence and professional responsibility are the sine qua non of federal litigation and effective judicial response.

*C.E. Pope Eq. Tr.*, 818 F.2d at 698. Accordingly, Tangwall cannot represent the Trust *pro se* and maintain the present action. (Doc. 19 at 4.)

## IV. Conclusion

The Court declares Donald Tangwall to be a vexatious litigant based on his history of over three decades of frivolous and vexatious litigation against both the Wackers and other individuals in this Court and across the United States. The Court

dismisses the present action because Tangwall cannot represent the Trust *pro se*.
Accordingly,

**IT IS ORDERED** that the proposed Findings and Recommendations entered
by the United States Magistrate Judge (Doc. 19) are **ADOPTED IN PART**.

**IT IS FURTHER ORDERED:**

1. The Toni 1 Trust's Complaint (Doc. 2), filed by Donald Tangwall in his
   capacity as a trustee, is **DISMISSED**.

2. William and Barbara Wacker's Motion for Summary Judgment (Doc. 8) is
   **DENIED** as moot.

3. William and Barbara Wacker's Motion to Declare Donald A. Tangwall a
   Vexatious Litigant (Doc. 9) is **GRANTED**.

4. Tangwall's Motion to Strike the Wackers' reply to Tangwall's objections
   (Doc. 22) is **DENIED**.[1]

5. Other than a notice of appeal in the present case, Donald Tangwall (a/k/a/
   Don Tangwall, Donald A. Tangwall, Tangwall, and any other alter-ego),
   in his individual capacity and in his capacity as trustee, former trustee, or
   trust protector for the Toni 1 Trust (a/k/a Toni Trust); any other
   corporation, trust, or other legal entity acting under the direction of Donald

---

[1] Under L.R. 72.3(b) a party may file a response within 14 days of service of an opposing party's
objections to the magistrate's findings and recommendations. Tangwall's motion to strike the
Wackers' response is frivolous and is denied.

Tangwall; and Barbara Newland-Tangwall (a/k/a Barbara Tangwall), Margaret "Toni" Bertran, and any other individual acting under the direction of Donald Tangwall are barred from filing the following in this Court without obtaining express prior written permission of this Court:

    a. any complaints, pleadings, or other documents in this Court against William Wacker, Barbara Wacker, Todd Gunderson, or the Gunderson Law Firm in this case (1:18-CV-165-BLG-SPW);

    b. any complaints, pleadings, or other documents in this Court against William Wacker, Barbara Wacker, Todd Gunderson, or the Gunderson Law Firm arising from any of the alleged conduct in the Complaint (Doc. 2);

    c. any action challenging the jurisdiction authority, validity or enforceability of any of the prior federal, state, or local court decisions in any case to which William Wacker, Barbara Wacker, Todd Gunderson, or the Gunderson Law Firm are or were a party, as identified in this Order.

6. Should Donald Tangwall (a/k/a/ Don Tangwall, Donald A. Tangwall, Tangwall, or any other alter-ego), in his individual capacity and in his capacity as trustee, former trustee, or trust protector for the Toni 1 Trust (a/k/a Toni Trust); any other corporation, trust, or other legal entity acting

25

under the direction of Donald Tangwall; and Barbara Newland-Tangwall (a/k/a Barbara Tangwall), Margaret "Toni" Bertran, and any other individual acting under the direction of Donald Tangwall file any further actions, they should be filed in a miscellaneous civil case entitled *In re Donald Tangwall* and assigned to United States Magistrate Judge Timothy J. Cavan. Judge Cavan will review all such filings to determine whether they fit into one of the three categories listed above, and if so, whether they are duplicative or frivolous and whether they conform to the Federal Rules of Civil Procedure and the local rules for the District of Montana, especially L.R. 83.8. Judge Cavan will then determine, on a case-by-case basis, whether the pleading should be filed and allowed to proceed.

The Clerk of Court shall enter judgment in favor of Defendants and against Plaintiff. This case is **CLOSED.**

DATED this 30th day of September, 2019.


SUSAN P. WATTERS
United States District Judge